UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.:7:02-cr-248-2 |
| | ) | |
| v. | ) | |
| | ) | |
| Ernest Jeter, | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

### 18 U.S.C. § 3582(c)(2) Order for Sentence Reduction

This matter comes before the Court on the defendant's motion for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u).

### Background

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. As this amendment became effective on March 3, 2008, this matter is now ready for disposition.

## Discussion

The defendant was last sentenced on February 12, 2003, for two crimes: (1) conspiracy to possess with intent to distribute cocaine base; and (2) using or carrying a firearm during a drug transaction. The defendant was sentenced for the cocaine base charge with the following sentencing range:

| | |
|---|---|
| Total Offense Level: | 31 |
| Criminal History Category: | IV |
| Months Imprisonment: | 151-188 |

Taking into consideration these guidelines, the Court sentenced the defendant to 75 months for the cocaine base charge. The defendant's sentence was reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a). The final sentence of 75 months represents a 50% downward variance from the low end of the guidelines. The defendant was also sentenced to 60 consecutive months for the firearm violation. The defendant's total sentence was 135 months—75 months for the cocaine charge and 60 consecutive months for the firearm charge. This sentence was rendered before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account the amendments to §§ 1B.10 & 2D1.10, the Court finds that the amended sentencing range for the defendant's cocaine base charge should be:

| | |
|---|---|
| Total Offense Level: | 29 |

    Criminal History Category:        <u>IV</u>

    Months Imprisonment:            <u>121-151</u>

This Court will not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment. U.S.S.G. § 1B1.10(b)(1). The sentence for the defendant's firearm charge is not affected by this amendment. However, as instructed by § 1B1.10(b)(2)(B), this Court will apply a 50% downward variance from the low end of the revised, advisory guidelines for the defendant's cocaine base sentence. § 1B1.10(b)(2)(B) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guidelines range determined under subdivision (1) of this subsection may be appropriate."). A 50% downward variance from the low end of the advisory, revised guidelines is 60 months.

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1(c) and 1B1.10, effective March 3, 2008, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, it is the judgment of the Court that the defendant's previously imposed sentence be reduced to a term of 120 months imprisonment. This sentence includes 60 months for the defendant's cocaine base charge and 60 consecutive months for the defendant's firearm charge. If this revised

sentence is less than the amount of time the defendant has already served, the sentence is reduced to a "Time Served" sentence.  *See* U.S.S.G. § 1B1.10(b)(2)(C) ("in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").  Except as provided by this Order, all provisions of the defendant's previous sentence dated February 12, 2003, remain in full force.

IT IS THEREFORE SO ORDERED THAT the defendant's previously imposed sentence be reduced to a term of 120 months.

IT IS FURTHER ORDERED THAT this Order become effective 10 days after the date of its entry.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 17, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the parties have the right to appeal this Order within sixty (60) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**